UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────

E.S. and J.S., individually, and on behalf of I.S.

    *Plaintiffs*,

- against -

New York City Department of Education

    *Defendant*.

───────────────────────────────

COMPLAINT

Case No. 1:21-cv-3181

E.S. and J.S., individually, and on behalf of L.M.M., a child with a disability, for their complaint hereby alleges:

    1. This is an action brought pursuant to the fee shifting provisions of the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §1415(i)(3).

    2. At all times relevant to this action, Plaintiffs, E.S. and J.S. and their daughter I.S. resided within the territorial jurisdiction of the defendant New York City Department of Education ("Defendant" or "Department").

    3. Plaintiffs, E.S. and J.S. are the parents of a child with a disability as defined by IDEA, 20 U.S.C. §1401(3)(A).

    4. Defendant is a local educational agency as defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. §1400 *et seq.* and the regulations promulgated thereunder.

**JURISDICTION AND VENUE**

5. Jurisdiction is predicated upon 28 U.S.C. §1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. §1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

6. Venue is predicated upon 28 U.S.C. §1391(b)(1) based upon the residence of the defendant, and upon 28 U.S.C. §1391(b)(2) based upon the location of the subject matter of this action.

**FACTUAL BACKGROUND AND EXHAUSTION OF ADMINISTRATIVE PROCESS**

7. By letter dated August 21, 2020, Plaintiffs, E.S. and J.S. requested a due process hearing on behalf of I.S. pursuant to 20 U.S.C. §1415(f)(1).

8. Plaintiffs, E.S. and J.S. sought a determination that the Department had denied their daughter a free appropriate public education, an order for compensatory educational services, and such other relief as the impartial hearing officer would determine to be fair and just.

9. Impartial Hearing Officer ("IHO") Sharyn Finkelstein was assigned to the case.

10. An impartial hearing was conducted on January 6, 20201, January 20, 2021, and February 17, 2021.

11. Following the close of hearing, the IHO issued a decision ("IHO Decision") dated March 1, 2021.

12. The IHO found the following:

a. The DOE shall reimburse Parent for evaluation by Dr. Sofer in the amount of $400 upon evidence of evaluation and payment.

b. The DOE shall conduct an FBA and BIP within two weeks of receipt of this decision and reconvene and create an IEP within two weeks of receipt of FBA and BIP.

c. The DOE shall reimburse the Parents for private occupational services at market rate from January 27, 2020 until March 2020 upon evidence of services credentials of therapist.

d. The DOE shall reimburse Parents for any other payments made during the 2019-2020 school year prior to January 27, 2020 as compensatory services.

e. The DOE shall reimburse the Parents for private speech and language therapist from January 27, 2020 until March 5, 2020. DOE shall reimburse Parents for any other payments made during the 2019-2020 school year prior to January 27, 2020 as compensatory services.

f. The DOE shall reimburse the Parents for paraprofessional from January 27, 2020 until school closed. DOE shall reimburse any other payments made by Parent prior to January 27, 2020, during the 2019-2020 school year as compensatory services.

g. The DOE shall fund ABA therapy during the 2020-2021 school year up and until Parent's $5, 000 deductible is reached. If the deductible from health insurance begins again in 2020-2021 school year, DOE shall again fund ABA therapy up to 5,000 during the 2020-2021 school year. If for any reason Parent changes insurance or is not covered DOE shall fund up to $5,000 for ABA services.

h. The DOE shall fund full time paraprofessional during the 2020-2021 school year up and until their $5,000 deductible when their health insurance covers payments. If the deductible begins again during the 2020-2021 school year, DOE shall again fund ABA services up to $5, 000 during the 2020-2021 school year. It is unclear if the deductible for the ABA includes the full time paraprofessional. DOE shall only be responsible to fund additional payment for paraprofessional if it is not included with the ABA deductible. If for some reason Parent changes insurance or service is no longer covered, DOE shall fund Paraprofessional up to $5, 000 during the 2020-2021 school year upon evidence of service and payment.

      i. DOE shall provide speech and language therapy twice a week for thirty minutes during the 2020-2021 school year. Parent may choose their own provider until DOE secures a provider.

      j. DOE shall provide occupational therapy four times a week for thirty minutes during the 2020-2021 school year. Parent may choose their own provider until DOE secures a provider.

      k. DOE shall provide an additional 46 thirty- minute sessions of speech and language therapy as compensatory services for the 2019-2020 school year.

      l. DOE shall provide an additional Twenty-four 30-minute sessions of speech and language therapy for a total of Seventy 30-minute sessions as compensatory services for 2019-2020 and 2020-2021 school years. Parent may choose their own provider until DOE locates a provider.

      m. DOE shall provide an additional Hundred (100) 30 minutes sessions of compensatory occupational therapy for both the 2019-2020 and 2020-2021 school year. Parent may choose their own provider at market rate until DOE locates a provider.

13. Neither party appealed the decision of the IHO. Thus, the decision is final.

14. Plaintiffs are prevailing parties by virtue of the IHO's decision.

**FIRST CAUSE OF ACTION**

15. Plaintiffs repeat and reallege paragraphs 1 through 14 as if more fully set forth herein.

16. Plaintiffs have submitted to the Department a request for payment for services rendered ("attorney fee claim").

17. Plaintiffs have attempted, without success, to resolve the attorney fee claim.

18. Settlement negotiations have not occurred because Respondent has been unresponsive to attempts to initiate settlement discussions.

19. Plaintiffs hereby demand reasonable attorney fees and expenses pursuant to 20 U.S.C. §1415(i)(3) for services rendered on the above noted administrative proceedings.

20. Defendant has not satisfied its obligation to pay attorney fees in a timely fashion.  Thus, Plaintiffs demand prejudgment interest.

**SECOND CAUSE OF ACTION**

21. Plaintiffs repeat and reallege paragraphs 1 through 20 as if more fully set forth herein.

22. Plaintiffs hereby demand reasonable attorney fees and expenses for services rendered on this action.

WHEREFORE, Plaintiffs respectfully request that this Court:

(1)  Assume jurisdiction over this action;

(2)  Award to the Plaintiffs costs, expenses, and attorney fees together with prejudgment interest for the administrative proceedings pursuant to 20 U.S.C. §1415;

(3)  Award to Plaintiffs the costs, expenses, and attorney fees of this action pursuant to 20 U.S.C. §1415; and


(4)  Grant such other and further relief as the Court deems just and proper.


Dated:  April 13, 2021
         New York, New York

Respectfully,

/s/ **Adam Dayan**

---
Adam Dayan, Esq. (AD 5445)
*Attorney for Plaintiff*
Law Offices of Adam Dayan, PLLC
222 Broadway, 19th Floor
New York, New York 10038
Phone: (646) 866-7157
Facsimile: (646) 866-7541
adayan@dayanlawfirm.com